



FILED
LUCAS COUNTY

2017 SEP 21 PM 2:47

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| TIFFINY MACK<br>987 Curtis<br>Toledo, Ohio 43609 | ) | Case No.    **G-4801-CI-0201704168-000** |
| | ) | **Judge** |
| | ) | Assigned to:   **IAN B. ENGLISH** |
| Plaintiff, | ) | **COMPLAIN**<br>**REQUESTS ATTACHED HERETO** |
| vs. | ) | |
| STATE FARM INSURANCE COMPANY<br>P.O. Box 106171<br>Atlanta, Georgia 30348 | ) | KENNETH L. MICKEL (0016630)<br>Attorney for Plaintiff |
| | ) | **MICKEL & HUFFMAN** |
| -and- | ) | PNC Bank Building<br>405 Madison Avenue, Suite 2000 |
| JOHN DOE<br>(Name and address unknown), | ) | Toledo, Ohio 43604-1227<br>Phone: (419) 242-8461<br>Fax: (419) 242-6866<br>E-Mail: kmickel@mickelandhuffman.com |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes the plaintiff, by and through counsel, and for her Complaint against the defendants, states the following:

### FIRST CLAIM FOR RELIEF

1. On or about December 13, 2016, plaintiff was lawfully operating a motor vehicle, traveling in a southerly direction on Hazelhurst, approaching the intersection Sylvaia Avenue, in the City of Toledo, Lucas County, Ohio.

2.     As plaintiff was so traveling, a vehicle being operated by defendant John Doe traveling northbound on Hazelhurst, suddenly, unexpectedly and without warning, failed to control his vehicle, and crossed into plaintiff's lane of travel, striking her vehicle.

3.     As a direct and proximate result of defendant John Doe's negligence herein averred, plaintiff has sustained severe and permanent physical injury, has experienced extreme pain, suffering and anxiety, and plaintiff will continue to experience extreme pain, suffering and anxiety in the future.

4.     As a direct and proximate result of defendant John Doe's negligence, plaintiff has incurred and become responsible for charges for medical care and treatment, and plaintiff will continue to incur and become responsible for such expenses in the future.

## SECOND CLAIM FOR RELIEF

5.     Plaintiff repeats each of the statements and allegations heretofore pled, as if the same were fully set forth at length herein.

6.     At all times herein relevant, the vehicle being operated by plaintiff was owned by Harold Young.

7.     At all times herein relevant, plaintiff was covered by a policy of insurance which includes uninsured/underinsured motorists coverage, as well as medical payments coverage, with defendant State Farm Insurance Company, and which was assigned claim number 359P79802. A copy of said policy is in the possession of defendant State Farm Insurance Company.

7.     Plaintiff has been unable to properly identify the operator of the Doe vehicle, thus entitling plaintiff to uninsured motorist benefits pursuant to the State Farm Insurance Company policy issued to Harold Young.

8.     As a direct result of the injuries sustained by plaintiff in the instant matter, plaintiff is entitled to medical payments benefits, pursuant to the State Farm Insurance Company policy issued to plaintiff.

9.     Defendant State Farm Insurance Company has failed to provide underinsured motorist and medical payments benefits to plaintiff, in violation of said policy.

### THIRD CLAIM FOR RELIEF

10.     Plaintiff repeats each of the statements and allegations heretofore pled, as if the same were fully set forth at length herein.

11,     Plaintiff has satisfied all conditions precedent to coverage and is entitled to payment for medical bills incurred.

12.     Defendant State Farm Insurance Company has refused to fully honor its contractual obligation of plaintiff's claim for all medical damages.

13.     Defendant State Farm Insurance Company is requiring information from the policy holder beyond what is required by the contract, all to the detriment and damage of the policy holder/plaintiff.

14.     Defendant State Farm Insurance Company has a good faith duty to pay the claims of its insured unless its denial to do so is predicated on circumstances that provide a reasonable justification for its failure to do so.

15.     Under the facts and circumstances existing herein, defendant State Farm Insurance Company has failed to satisfy its first party contractual obligation to timely pay the claim of its insured.

16.    Defendant State Farm Insurance Company's actions are with actual malice, oppressive to its insured, and permit an award of punitive damages in addition to the compensatory damages.

*WHEREFORE,* plaintiff demands judgment as and for compensatory damages against defendant State Farm Insurance Company in an amount exceeding $25,000.00, plaintiff demands judgment as and for punitive damages against defendant State Farm Insurance Company in an amount exceeding $25,000.00, plaintiff demands her costs herein expended, interest according to law, and any other relief deemed just and equitable by this Honorable Court.

Respectfully submitted,

KENNETH L. MICKEL
Attorney for Plaintiff



FILED
LUCAS COUNTY

2017 SEP 21 PM 2: 47

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

G-4801-CI-0201704168-000

| | | |
|---|---|---|
| TIFFINY MACK<br>987 Curtis<br>Toledo, Ohio 43609 | ) | Case No. __<br>**Judge**<br>**IAN B. ENGLISH** |
| | ) | Assigned to |
| Plaintiff, | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **INTERROGATORIES AND** |
| vs. | ) | **REQUESTS FOR PRODUCTION OF** |
| | ) | **DOCUMENTS DIRECTED TO** |
| STATE FARM INSURANCE COMPANY | ) | **DEFENDANT SAFE AUTO** |
| P.O. Box 106171 | | **INSURANCE COMPANY,** |
| Atlanta, Georgia 30348 | ) | **ATTACHED TO THE COMPLAINT** |
| | ) | |
| -and- | ) | KENNETH L. MICKEL (0016630) |
| | | Attorneys for Plaintiff |
| JOHN DOE | ) | **MICKEL & HUFFMAN** |
| (Name and address unknown), | | PNC Bank Building |
| | ) | 405 Madison Avenue, Suite 2000 |
| Defendants. | | Toledo, Ohio 43604-1227 |
| | ) | Phone: (419) 242-8461 |
| | | Fax: (419) 242-6866 |
| | ) | E-Mail: kmickel@mickelandhuffman.com |

Pursuant to the Ohio Rules of Civil Procedure, plaintiff, by and through counsel, propounds the attached Interrogatories and Requests for Production of Documents to the defendant, which are to be answered separately and fully under oath and in accordance with the requirements of the Rules of Civil Procedure, which answers are to be provided to counsel for plaintiff within the Rule as provided.

These discovery requests shall be deemed continuing so as to require supplemental answers between the date of the initial answers and the date of the trial, whenever circumstances

make such supplemental answers necessary or appropriate to maintain the absolute integrity and accuracy of the answers.

The discovery requests are to be answered from the personal knowledge of the defendant, or if the defendant has no personal knowledge, with information from persons known to the defendant or from information in the possession of the persons acting in any manner or representative capacity for and on behalf of the defendant.

## INTERROGATORIES

**1.** Please state the name, position and title of the 30(B)(5) Representative designated by defendant to respond to discovery.

**Answer:**


**2.** Please indicate all investigation undertaken by defendant with regard to the collision referred to in plaintiff's Complaint.

**Answer:**


**3.** Please identify where in the policy for insurance applicable to plaintiff's accident of December 13, 2015, and which was assigned claim number 359P79802, that it states UCB and diagnostic codes are required by policy contract prior to issuing medical payments to the policy holder/insured.

**Answer:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**1.** Please provide certified copies of the policies of insurance and the limits of the liability, uninsured/underinsured motorist and medical payments coverage, for the policy of insurance applicable to plaintiff's accident of December 13, 2015, and which was assigned claim number 359P79802.

**Response:**


**2.** Please provide copies of each and every document identified in your answer to Interrogatory number 2.

**Response:**


**3.** Please provide or make available for copying and inspection each and every document defendant intends to rely upon or utilize or enter into evidence at depositions or trial of this matter.

**Response:**

Respectfully submitted,

KENNETH L. MICKEL
Attorney for Plaintiff